IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ALISA RENEE PERRY, individually and as Personal Representative of the ESTATE OF JASMINE RENEE PERRY, deceased,<br><br>Plaintiff,<br><br>v.<br><br>ENT SURGERY CENTER OF AUGUSTA, LLC, AUGUSTA E.N.T, P.C. and WILLIAM E. BARFIELD, III, M.D., individually and as employee/agent of ENT SURGERY CENTER OF AUGUSTA, LLC and AUGUSTA E.N.T., P.C.,<br><br>Defendants. | Civil Action File No.<br>_____<br><br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, ALISA RENEE PERRY, individually and as Personal Representative of the ESTATE OF JASMINE RENEE PERRY, deceased, (hereinafter referred to as "Plaintiff") in the above-captioned case, and states her Complaint against Defendants, ENT SURGERY CENTER OF AUGUSTA, LLC, (hereinafter referred to as "Center" and/or "Defendant"), AUGUSTA E.N.T., P.C. (hereinafter referred to as "ENT" and/or Defendant") and WILLIAM E. BARFIELD, III, M.D., (hereinafter referred to as "Dr. Barfield" and/or "Defendant"), and in support thereof states the following:

### I.
### JURISDICTION AND VENUE

1.  Plaintiff, ALISA RENEE PERRY, individually and as Personal Representative of the ESTATE OF JASMINE RENEE PERRY, resides at 170 Suffolk Drive, Aiken, South Carolina. The deceased, JASMINE RENEE PERRY, also lived at 170 Suffolk Drive, Aiken, South

1

Carolina until she passed away on December 20, 2012.  ALISA RENEE PERRY is the mother of the deceased, JASMINE RENEE PERRY (Date of birth:  June 21, 2007/Date of death: December 20, 2012, Age 5).

2. The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332.

3. This Court has personal jurisdiction over Defendant, ENT SURGERY CENTER OF AUGUSTA, LLC, as it is a Georgia Professional Corporation with its headquarters located in Evans, Columbia County, Georgia.  Service of process may be perfected upon this Defendant by serving its registered agent, Violetta Konopka, at 340 N. Belair Road, Evans, Columbia County, Georgia  30809.

4. This Court has personal jurisdiction over Defendant, AUGUSTA E.N.T., P.C., as it is a Georgia Professional Corporation with its headquarters located in Evans, Columbia County, Georgia.  Service of process may be perfected upon this Defendant by serving its registered agent, Violetta Konopka, at 340 N. Belair Road, Evans, Columbia County, Georgia  30809.

5. This Court has personal jurisdiction over Defendant, WILLIAM E. BARFIELD, III, M.D., as he is a Georgia licensed physician and at all relevant times described herein, this Defendant (a) transacted business in the State of Georgia; and/or (b) committed tortious acts in Georgia causing injury.  Service of process may be perfected upon by this Defendant by serving him at his residence located at 2818 Walton Way, Augusta, Richmond County, Georgia  30909.

6. Plaintiff ALISA RENEE PERRY is the mother and duly appointed Personal Representative for her daughter, JASMINE RENEE PERRY.  ALISA RENEE PERRY was appointed Personal Representative by the Probate Court in Aiken County, South Carolina.

7.     The amount in controversy in this matter exceeds $ 75,000.00, exclusive of interests and costs.

## II.
## PARTIES

8.     Plaintiff, ALISA RENEE PERRY, is and was at all times relevant to this matter, a citizen of Aiken, Aiken County, South Carolina.  Decedent, JASMINE RENEE PERRY, was a citizen and resident of Aiken, Aiken County, South Carolina until her death on December 20, 2012.

9.     Defendant, ENT SURGERY CENTER OF AUGUSTA, LLC, a Georgia Professional Corporation, is a facility engaged in the business of outpatient ambulatory surgery for patients undergoing otolaryngological surgery.

10.    Defendant AUGUSTA E.N.T., P.C., a Georgia Professional Corporation, is engaged in the business of otolaryngological medicine, nursing and/or surgery.

11.    Defendant, WILLIAM E. BARFIELD, III, M.D., is and was a medical doctor licensed by the State of Georgia and practicing in Evans, Georgia as ENT physician employed by Defendants ENT SURGERY CENTER OF AUGUSTA, LLC and AUGUSTA E.N.T., P.C.

## III.
## FACTUAL ALLEGATIONS

12.    Decedent, Jasmine Renee Perry, was a five (5) year old female who presented to Augusta E.N.T., P.C. and Dr. Barfield on November 28, 2012 for evaluation of a recurrent sore throat and sinusitis.

13.    Decedent Perry was assessed with allegoric rhinitis, hypertrophy of interior turbinates, hypertrophy of tonsils and adenoids, snoring with apnea and mouth breathing.

14.    Due to the significant turbinate hypertrophy and obstructive tonsils, Dr. Barfield recommended turbinate reduction, tonsillectomy and adenoidectomy surgery.

3

15. On December 14, 2012, decedent Perry complained of PNC/clear/vomited phlegm with wet and dry cough and gagging.

16. At all times relevant to this Complaint, Decedent was dependent upon care provided to her by the actual and apparent agents, servants and employees of the Defendants who in fact attempted to provide such care to decedent Perry in the course and scope of their duties as the Defendants' actual and apparent agents, servants and employees.

17. On December 17, 2012, Dr. Barfield proceeded with the recommended tonsillectomy, adenoidectomy and inferior turbinate reduction at the surgical center. After the procedures, Decedent Perry was discharged home a 10:55 A.M. from the surgical center.

18. Decedent Perry was discharged with instructions regarding pain medications and with a prescription for Acetaminophen with Codeine and Tretracaine Lollipops for pain relief.

19. Guardian Alisa Perry contacted ENT on multiple occasions after the discharge to including December 18th and 19th to discuss the post surgical condition of decedent Perry and reported nausea and vomiting to the staff according to the records. Alisa Perry was not advised to bring decedent Perry into the office for further evaluation.

20. During the early morning hours, approximately 2:44 A.M., of December 20, 2012 Aiken County EMS was contacted and decedent Perry was transported to Aiken Regional Medical Center where she was pronounced dead 04:30 A.M.

21. Defendants Center and ENT were licensed under the laws of the State of Georgia and were required to provide reasonable and prudent skilled care to Decedent Perry.

22. Defendants Center and ENT had an obligation to employ nursing assistants, nurses and orderlies who were qualified to render reasonable care to a patient in the condition of Decedent Perry and in accordance with federal and state regulations.

23. Defendants Center and ENT, including by and through their employees, agents or apparent/ostensible agents, including but not limited to, Dr. Barfield, had a duty to evaluate and assess the needs of Decedent Perry and perform all medical necessary procedures according to the acceptable standard of care.

24. Defendants Center and ENT failed to ensure that proper treatment and standard of care was provided to Decedent Perry.

25. Defendants Center and ENT failed to properly train, monitor and supervise the staff necessary to provide care to Decedent Perry that was reasonably prudent and within the standard of care.

26. Defendants Center and ENT knew or should have known the physical and current medical conditions of Decedent Perry or have performed a proper history and physical to determine it as required by the standard of care.

27. Decedent Perry was nevertheless allowed to receive care in violation of the standard of care/substandard care or treatment for the conditions that lead to her death.

28. As a result of these failures, Decedent Perry passed away on December 20, 2012.

**IV.**
**MEDICAL NEGLIGENCE AND GROSS NEGLIGENCE AGAINST WILLIAM E. BARFIELD, III, M.D. individually and as employee/agent of ENT SURGERY CENTER OF AUGUSTA, LLC and AUGUSTA E.N.T., P.C.**

29. The allegations in Paragraphs 1 through 28 are realleged as fully as if restated herein.

30. At all times material hereto, a doctor-patient relationship existed between Decedent Perry and Defendants Center and ENT, specifically by and through, Defendant, Dr. Barfield.

31. Defendants, Dr. Barfield, Center and ENT, billed for medical services rendered to the Plaintiff.

32. Defendants, Dr. Barfield, Center and ENT, had non-delegable duties to render medical services appropriately and adequately billing for these services and Dr. Barfield was action on Defendants Center and ENT's behalf in fulfilling those services.

33. On or about November 28, 2012, Decedent Perry presented to Defendant ENT and had surgery at Defendant Center on December 17, 2012. Dr. Barfield accepted Decedent Perry as a patient, thereby establishing a physician-patient relationship.

34. Defendant, Dr. Barfield, individually and as employee/agent of ENT and Center, failed to appropriately assess, monitor, diagnose and treat Decedent Perry's condition, as described herein.

35. Defendant, Dr. Barfield, individually and as employee/agent of ENT and Center, owed Plaintiff a duty to provide medical care and treatment which met or exceeded the prevailing standard of care for otolaryngological medicine and surgery.

36. Defendant, Dr. Barfield, individually and as employee/agent of ENT and Center, failed to exercise the degree of care and skill ordinarily exercised by medical professionals in Georgia under like and similar circumstances.

37. Defendant, Dr. Barfield, individually and as employee/agent of ENT and Center, failed to use acceptable care and to meet the applicable prevailing professional standard of care in the treatment he provided to the Plaintiff, and thus breached the duty owed to Plaintiff, including, without limitation:

    a. Negligently scheduling the patient to have the procedure done in a facility that was not equipped to perform and did not perform postoperative monitoring to the degree necessary to meet Jasmine Perry's care level nor the standard of care in the industry.

b. Negligently discharging Jasmine Perry from the surgical center with post operative instructions that did not meet the standard of care.

c. Negligently responding to postoperative complaints and failing to have Jasmine Perry evaluated in a timely manner for postoperative complications.

d. Negligently prescribing post surgical medications, including without appropriate consultation, evaluation, or consideration for Jasmine Perry's past and current medical condition.

e. Negligently prescribing and instructing Jasmine Perry and her guardian regarding the use of medications that include codeine outside of the standard of care and the Federal Food and Drug recommendations regarding the use of codeine based medications with patients similar to Jasmine Perry.

f. And in other ways that may become known to the Plaintiff through reasonable and appropriate discovery and considered by the jury in this matter.

38. As set forth herein, one or more of the above acts or omissions of negligence on the part of the named Defendant, Dr. Barfield, individually and as employee/agent of ENT and Center, was a proximate cause of the death of Jasmine Perry and the damages of the Plaintiff. Moreover, the negligence of the Defendant, Dr. Barfield, individually and as employee/agent of ENT and Center, as set forth herein, arises to the level of gross negligence. As a direct and proximate cause of the negligence, negligence *per se*, gross negligence, intentional acts, carelessness, recklessness, willfulness, and wantonness of the Defendant, Dr. Barfield, individually and as employee/agent of ENT and Center, as is set forth more fully above, the Plaintiff suffered great harm.

39. As a direct and proximate result of the negligent conduct of Defendant Dr. Barfield, individually and as employee/agent of ENT and Center, as aforesaid, Jasmine Perry also suffered

7

profound and incurable injuries, conscious pain and suffering, and damage prior to, and resulting in, her death.

40.     Plaintiff is entitled to recover from Defendant Dr. Barfield, individually and as employee/agent of ENT and Center, for both the wrongful death and survival claims in an amount of actual and punitive damages to be determined by the trier of fact.

41.     Defendants in this case are joint tortfeasors for the damages as set forth herein.

## V.
## DIRECT AND VICARIOUS LIABILITY AGAINST DEFENDANT ENT

42.     The allegations in Paragraphs 1 through 41 are realleged as fully as if restated herein.

43.     Upon information and belief and at all times relevant to this Complaint, Defendant Augusta E.N.T., P.C., held itself out to be a provider of otolaryngological medicine, nursing and surgery having the training and skill possessed by such companies practicing in such specialty, including in providing otolaryngological medicine, nursing and/or surgical services under same or similar circumstances.

44.     Upon information and belief and at all times material to this Complaint and the provision of care by Defendant ENT, said Defendant ENT, including by and/or through one or more of its nursing/health care staff, failed to use acceptable care and to meet the prevailing professional nursing/health/applicable standard of care in the treatment they provided to the Plaintiff, and thus breached the duty owed to Plaintiff, including, without limitation:

    a.     Negligently scheduling the patient to have the procedure done in a facility that was not equipped to perform and did not perform postoperative monitoring to the degree necessary to meet Jasmine Perry's care level nor the standard of care in the industry.

    b.     Negligently discharging Jasmine Perry from the surgical center with post operative instructions that did not meet the standard of care.

  c. Negligently responding to postoperative complaints and failing to have Jasmine Perry evaluated in a timely manner for postoperative complications.

  d. Negligently providing inappropriate consultation, evaluation, or consideration for Jasmine Perry's past and current medical condition, which led to inappropriate prescriptions of post surgical medications.

  e. Negligently instructing Jasmine Perry's guardian regarding the use of medications that include codeine outside of the standard of care and the Federal Food and Drug recommendations regarding the use of codeine based medications with patients similar to Jasmine Perry.

  f. And in other ways that may become known to the Plaintiff through reasonable and appropriate discovery and considered by the jury in this matter.

45. One or more of the above acts or omissions of negligence rendered by Defendant ENT, including through its nursing/health care staff, either singularly or in any combination, was a proximate cause of the injuries to and death of Jasmine Perry and the damages of the Plaintiff.

46. Moreover, the negligence of Defendant ENT, as set forth herein, arises to the level of gross negligence.  As a direct and proximate cause of the negligence, negligence *per se*, gross negligence, intentional acts, carelessness, recklessness, willfulness, and wantonness of Defendant ENT, as is set forth more fully above, the Plaintiff suffered profound and incurable injuries, conscious pain and suffering, and damage prior to, and resulting in, her death.

47. Upon information and belief and at all times material to this Complaint and the provision of the negligent care and treatment to Decedent Perry that was rendered by its physician, Dr. Barfield, and its nursing/health care staff, said Dr. Barfield and nursing/health care staff were employees, actual agents, and/or apparent/ostensible agents of Defendant ENT practicing as a

physician and nurses/staff, of Defendant ENT, and were acting in the scope of their employment/actual or apparent agency with said Defendant ENT.

48. Accordingly, Defendant ENT is also vicariously liable for all the negligent, negligent *per se*, and grossly negligent conduct of Dr. Barfield and its nursing/health care staff as set forth above, and reincorporated as if fully stated herein, which was a proximate cause, either singularly or in any combination thereof, of all the injuries to and death of Jasmine Perry, and damages to the Plaintiff as set out herein.

49. Plaintiff is entitled to recover from Defendant ENT for the wrongful death and survival claims in an amount of actual and punitive damages to be determined by the trier of fact.

## VI.
## DIRECT AND VICARIOUS LIABILITY AGAINST DEFENDANT CENTER

50. The allegations in Paragraphs 1 through 49 are realleged as fully as if restated herein.

51. Upon information and belief and at all times relevant to this Complaint, Defendant ENT Surgery Center of Augusta, LLC (Defendant Center) also held itself out to be a provider of ambulatory surgical services having the training and skill possessed by such companies practicing in medical specialty, including in the specialty of providing surgical services under same or similar circumstances.

52. Upon information and belief and at all times material to this Complaint and the provision of care by Defendant Center, said Defendant Center, including by and/or through one or more of its nursing/health care staff, failed to use acceptable care and to meet the prevailing professional nursing/health/applicable standard of care in the treatment they provided to the Plaintiff, and thus breached the duty owed to Plaintiff, including, without limitation:

  a. Negligently scheduling the patient to have the procedure done in a facility that was not equipped to perform and did not perform postoperative monitoring to the degree necessary to meet Jasmine Perry's care level nor the standard of care in the industry.

  b. Negligently discharging Jasmine Perry from the surgical center with post operative instructions that did not meet the standard of care.

  c. Negligently responding to postoperative complaints and failing to have Jasmine Perry evaluated in a timely manner for postoperative complications.

  d. Negligently providing inappropriate consultation, evaluation, or consideration for Jasmine Perry's past and current medical condition, which led to inappropriate prescriptions of post surgical medications.

  e. Negligently instructing Jasmine Perry's guardian regarding the use of medications that include codeine outside of the standard of care and the Federal Food and Drug recommendations regarding the use of codeine based medications with patients similar to Jasmine Perry.

  f. And in other ways that may become known to the Plaintiff through reasonable and appropriate discovery and considered by the jury in this matter.

53. One or more of the above acts or omissions of negligence rendered by Defendant Center, including through its nursing/health care staff, either singularly or in any combination, was a proximate cause of the injuries to and death of Jasmine Perry and the damages of the Plaintiff.

54. Moreover, the negligence of Defendant Center, as set forth herein, arises to the level of gross negligence.  As a direct and proximate cause of the negligence, negligence *per se*, gross negligence, intentional acts, carelessness, recklessness, willfulness, and wantonness of Defendant

Center, as is set forth more fully above, the Plaintiff suffered profound and incurable injuries, conscious pain and suffering, and damage prior to, and resulting in, her death.

55.	In the event that Defendant Dr. Barfield and/or the nursing/health care staff was/were not employees/agents/apparent agents of Defendant ENT, or were not acting within the scope of their employment/actual or apparent agency capacity of/with Defendant ENT at the time of their negligent care of Jasmine Perry, then Plaintiff would allege upon information and belief that at all such times said physician, Dr. Barfield, and/or the nursing/health care staff was/were employees/agents/apparent agents of Defendant Center, acting within the scope of their employment/actual or apparent agency capacity of/with Defendant Center at the time of their negligent care of Jasmine Perry.

56.	Accordingly in this alternative, Defendant Center is vicariously liable for all the negligent and grossly negligent conduct of Dr. Barfield and/or its nursing/health care staff as set forth above, and reincorporated as if fully stated herein, which was a proximate cause, either singularly or in any combination thereof, of all the injuries to and death of Jasmine Perry, and damages to the Plaintiff as set out herein.

57.	Plaintiff is entitled to recover from Defendant Center for the wrongful death and survival claims in an amount of actual and punitive damages to be determined by the trier of fact.

## VII.
## ACTUAL DAMAGES

58.	There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate them for the injuries and damages and losses incurred and to be incurred with respect to both the wrongful death and survival claims.  From the date of the incident in question until the time of trial of this case, those elements of damages to be

considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate the Plaintiff. Such elements are as follows:

    a.    funeral, burial, medical and related expenses;

    b.    the full value of the life of the decedent, Jasmine Renee Perry;

    c.    compensation for Decedent's pain and suffering;

    d.    all past and future loss of wages, salaries, income, and employment benefits suffered by Decedent or Decedent's estate and/or such monetary benefits or financial support which Plaintiff and/or all heirs would have received had Decedent survived;

    e.    past and future compensation for loss of companionship, support, consortium, and other compensatory damages to which Plaintiffs and/or all heirs are entitled;

    f.    All wrongful death and/or survivor or other damages to which Plaintiff, Decedent's Estate and/or heirs are entitled;

    g.    reasonable attorney's fees, to the extent allowed, and expenses;

    h.    exemplary and/or punitive damages, as allowed by law;

    i.    prejudgment and post-judgment interest as allowed by law;

    j.    that the Plaintiff be granted trial by jury;

    k.    costs of court; and

    l.    all other relief, both in law and in equity, to which Plaintiff may be entitled.

59.    Plaintiff therefore sues to recover of and from each of Defendants, jointly and/or severally, for all such actual damages and elements of damages which are available under law for the wrongful death and survival claims herein.

## VIII.
## PUNITIVE DAMAGES

60.    The allegations in Paragraphs 1 through 59 are realleged as fully as if restated herein.

61.     The acts and/or omissions of the Defendants, as set forth herein, were such knowing and willful failures to warn that they constitute malicious, willful, wanton, grossly negligent, and/or reckless conduct.  These acts and/or omissions proximately caused or contributed to the injuries at issue herein and as such give rise to and warrant the imposition of significant punitive or exemplary damages in an amount to the determined by the jury.

62.     Plaintiff therefore sues to recover of and from each of Defendants, jointly and/or severally, for all such punitive or exemplary damages which are available under law in connection with  the wrongful death and survival claims herein.

## IX.
## CERTIFICATE OF COUNSEL OF REASONABLE INVESTIGATION

63.     The health care has been reviewed by a person whom is qualified to testify as expert witness under Georgia Code §*24-9-67.1* and who is willing to testify that DR. BARFIELD, ENT SURGERY CENTER OF AUGUSTA, LLC and AUGUSTA E.N.T., P.C., Defendants' health care did not comply with the applicable standards of care.  This expert has provided an affidavit which is being filed contemporaneously with this Complaint as required by Georgia Code §*9-11-9.1,* together with his curriculum vitae.

64.     More specifically, prior to this filing of this action, the health care provided by Defendant DR. BARFIELD, Defendant ENT SURGERY CENTER OF AUGUSTA, LLC and Defendant AUGUSTA E.N.T., P.C., was reviewed by a licensed doctor who specializes in Pediatric Otolaryngology.  Said expert is and was licensed to practice in the state of his practice and/or teaching of his profession at the time of the incident made the basis of this suit.  Further, such expert has actual professional knowledge and experience in the practice of his specialty, including the active practice and/or teaching of the same for the last three of the five years

14

preceding the incident made the basis of this suit, as required pursuant to Georgia Code §*24-9-67.1*.

65. Said expert is familiar with the standards of care for his respective field, relating to the care and treatment of pediatric children, including in pediatric otolaryngology in a hospital and surgical center setting under the same or similar circumstances at the times in question, applicable to the Defendant health care providers in their corresponding fields of health care. The affidavit of such expert, which is attached to this Complaint along with his curriculum vitae as Exhibit 1, sets forth at least one negligent act or omission by one or more of the Defendants, as well as the factual basis for each such claim, in conformity with Georgia Code §*9-11-9.1*.

66. All other conditions precedent have been performed or have occurred.

## X.
## DEMAND FOR TRIAL BY JURY

67. Plaintiff hereby demands a trial by jury of all issues so triable.

## XI.
## PRAYER

WHEREFORE, Plaintiff, ALISA RENEE PERRY, individually and as Personal Representative of the Estate of JASMINE RENEE PERRY, prays for judgment jointly and severally against the Defendants, ENT SURGERY CENTER OF AUGUSTA, LLC, AUGUSTA E.N.T., P.C. and WILLIAM E. BARFIELD, M.D., individually and as employee/agent of ENT SURGERY CENTER OF AUGUSTA, LLC and AUGUSTA E.N.T., P.C. on the wrongful death and survival claims herein for all available actual and punitive/exemplary damages in an amount in excess of the minimal jurisdictional limits of this Honorable Court, together with costs, interest, reasonable attorney fees, and other relief which this Court deems just and reasonable.

15

        Respectfully submitted,

        CLORE LAW GROUP, LLC


        s/Mark D. Clore
        Mark D. Clore, Esquire
        Georgia Bar No. 170626
        49 Immigration Street, Suite 100
        Charleston, South Carolina 29403
        (843) 722-8070
        (843) 722-9881 (facsimile)
        Email: mark@clorelaw.com

Dated:  December 8, 2014
Charleston, South Carolina